Barney Ward v. The State.

No. 4678.    Decided December 5, 1917.

Petty Theft—Statement of Facts—Bills of Exception.

Where appellant was deprived of a statement of facts and bills of exception without any fault on his part, the judgment must be reversed and the cause remanded.

Appeal from the County Court of Tarrant. Tried below before the Hon. Virgil R. Parker.

Appeal from a conviction of petty theft; penalty, a fine of one hundred dollars and three months confinement in the county jail.

The opinion states the case.

*Mays & Mays,* for appellant.

*E. B. Hendricks,* Assistant Attorney General, for the State.

PRENDERGAST, JUDGE.—This is an appeal from a conviction for petty theft. The term at which appellant was tried adjourned on June 30, 1917. The case was tried on June 21st. Almost immediately thereafter appellant prepared a statement of facts and bills of exceptions and turned them over to the trial judge for his action. His attorneys used unusual diligence in following these up and tried to get them acted on from that time to July 25th, and only on the latter date could he get any action thereon by the judge.

No order allowing any time for filing bills and statement was allowed or entered. Even if such an order allowing twenty days had been granted and entered they were not filed until long after that time would have expired.

There can be no question but from the affidavits in this record showing these matters, that appellant was deprived of a statement of facts and bill of exceptions without any fault on his part.

The State has made a motion to strike out the bills of exceptions and statement of facts because not filed in time. But whether that was done or not, with the facts as shown as they are, this court could not consider either bills or statement, but they would have to be struck out.

The result is that this judgment must be reversed because appellant was deprived of a statement of facts and bills of exceptions without any fault on his part, and it is so ordered.

*Reversed and remanded.*